IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW J.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:23-cv-00368-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Matthew J. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff argues the Administrative Law Judge ("ALJ") erred by (1) improperly evaluating the persuasiveness of medical opinions; (2) failing to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony; and (3) failing to provide reasons supported by substantial evidence for discrediting lay witness testimony Pl.'s Br. 4–5, ECF No. 12.

    For the reasons discussed below, the Commissioner's decision is REVERSED and this matter is REMANDED for calculation and award of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on June 26, 2019, alleging disability since August l5, 2008. Tr. 69, 288–347.[2] The Social Security Administration initially denied his claims and again upon reconsideration. Tr. 71–98. On March 11, 2022, Plaintiff appeared by telephone before the Honorable John Michaelsen for a Hearing. Tr. 35–68. The ALJ denied Plaintiff's claims by written decision on March 25, 2022. Tr. 12–34. Plaintiff sought review from the Appeals Council, which denied his appeal on January 19, 2023, rendering the ALJ's decision final. Tr. 1–6. Plaintiff now seeks judicial review of the ALJ's decision. ECF No. 1.

Plaintiff has a high school education (Tr. 367) and past relevant work experience as a landscape laborer (Tr. 26). Plaintiff's disability claim is based on the severe impartments of depression and anxiety secondary to a bipolar disorder. Tr. 18, 40. The ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18–21. After formulating Plaintiff's residual functional capacity ("RFC"), the ALJ determined jobs existed in significant numbers in the national economy that Plaintiff could perform. Tr. 26–28. As a result, the ALJ determined Plaintiff was not disabled under the Act since his alleged onset date. Tr. 28.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 7-1.

a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.* If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54.

The ALJ found Plaintiff had the following severe impairments: depression and anxiety secondary to a bipolar disorder. Tr. 28. The ALJ found Plaintiff had an RFC encompassing the

following capabilities (Tr. 21):

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, repetitive, routine tasks with no more than occasional contact with co-workers and the general public[.]

On review, Plaintiff raises three issues:

1. Whether the ALJ erred in evaluating the medical opinions of Harris Jensen, MD, and Erik Dahl, QMHP, as less than fully persuasive, and whether that evidence should be fully credited as true.

2. Whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony, and whether that evidence should be fully credited as true.

3. Whether the ALJ erred in rejecting the lay witness statements, and whether that evidence should be fully credited as true.

### I. **Medical Opinion Evidence**

An ALJ may reject an examining or treating doctor's opinion as unsupported or inconsistent by providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Under current regulations for evaluating medical opinions, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). In doing so, an ALJ considers the following factors: (1) supportability; (2) consistency; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(b)(2). The "most important factors" for evaluating the persuasiveness of medical

opinions are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a); *Woods*, 32 F.4th at 791–92. Supportability refers to whether the medical source presents explanations and objective medical evidence to support his or her opinion. 20 C.F.R. § 416.920c(c)(1). Consistency refers to whether the medical opinion is consistent with evidence from other medical and nonmedical sources. 20 C.F.R. § 416.920c(c)(2).

### A. Dr. Jensen

The ALJ's evaluation of Dr. Jensen's medical opinion as unpersuasive is not supported by substantial evidence. The ALJ reasoned Dr. Jensen's conclusion Plaintiff was "unable to work in any way, particularly in situations with other people" was contradicted by findings indicating Plaintiff's "mental impairments, while chronic, are both responsive to and stable on medication." Tr. 24. Accordingly, the ALJ found Dr. Jensen's opinion inconsistent with the medical record and not supported by Dr. Jensen's own findings indicating the effects of treatment. Tr. 24–25.

References to stability or signs of improvement must be read in context of the overall diagnostic picture drawn by the provider. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *Knight v. Colvin*, 2017 WL 89573, at *9 (D. Or. Jan. 10, 2017) (collecting cases). Dr. Jensen's opinion was that Plaintiff's impairments render him unable to sustain competitive employment, regardless of signs of improvement and periods of stability. Tr. 553. Dr. Jensen contextualized his findings by cataloging the effects of Plaintiff's anxiety, irritability, attention deficit disorder, and depression. Tr. 552–53. He noted Plaintiff attempted to take classes at the local community college, but it "took him 8-10 hours per day to do homework for one class," exemplifying Plaintiff's "poor focus." Tr. 553. Dr. Jensen also observed instances of normal speech, thought processes, thought content, perceptions, judgment and insight, range of affect, and mood in Plaintiff. *See, e.g*, Tr. 514–16, 518–19, 521–22, 524–26, 528, 530, 532, 535–36, 538–45,

547, 550. Discussing efficacy of Plaintiff's treatment, Dr. Jensen found some of Plaintiff's medication "worked well," "level[ed] [Plaintiff's] mood," eliminated manic episodes, and stabilized Plaintiff's condition. Tr. 514, 553. However, Dr. Jensen also discussed how other medications had resulted in side effects that outweighed their utility and justified discontinuing their use. Tr. 552–53. He emphasized his diagnoses of Plaintiff's "bipolar affective disorder I and generalized anxiety and generalized attention deficit disorder" are "permanent diagnoses." Tr. 553. Further, despite noting Plaintiff's "mood is level" and his "mania" has been eliminated on medication, Dr. Jensen cautioned, "[b]ut with any stress in a work setting he decompensates. Back comes the racing thoughts, irritability, poor follow through, and depression." *Id.*

These findings are not inconsistent with and do not indicate a lack of support for Dr. Jensen's conclusion regarding Plaintiff's disabling mental impairments. That a claimant suffering from a mental impairment makes some improvement "does not mean that the person's impairments no longer seriously affect her ability to function in the workplace." *Holohan*, 246 F.3d at 1205; *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods . . . are not inconsistent with disability.") (as amended); *see also Kohler v. Astrue*, 546 F.3d 260, 268 (2d Cir. 2008) (explaining "stab[ility]" in claimant's condition does not necessarily mean the claimant's "condition has been good, when the term could mean only that her condition has not changed"). Moreover, "improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (internal citations omitted). Here, Dr. Jensen's treatment records, along with his experience treating the Plaintiff, provided ample support for his conclusions regarding the Plaintiff's impairments, as reflected in the documentation evaluated by the ALJ. *See Campbell v. Comm'r of Soc. Sec. Admin.*, 2025 WL

283572, at *5 (D. Ariz. Jan. 6, 2025), *report and recommendation adopted*, 2025 WL 275910 (D. Ariz. Jan. 23, 2025). Under these circumstances, and with appropriate context, the Court finds the ALJ did not provide substantial evidence to find Dr. Jensen's opinion inconsistent with reports of improvement and stability with medication.[3] Accordingly, the ALJ erred in finding Dr. Jensen's medical opinion less than fully persuasive.

### B. Mr. Dahl

The ALJ's determination of Mr. Dahl's opinion as unpersuasive is supported by substantial evidence. Mr. Dahl, a mental health therapist, filled out a pair of forms in early February of 2022 where he indicated Plaintiff had episodes of "severe impairment" due to his mental health disorders. He further asserted it was "unlikely" Plaintiff could maintain employment and would at least require accommodations due to "extreme difficulty" with maintaining pace, attendance, and communication. Tr. 673–74. He left open the possibility of working with the public. *Id.* In a mental medical source statement, Mr. Dahl indicated Plaintiff would miss more than four days of work per month and be off task 15% or more of the workday. Tr. 676–80. The ALJ concluded this opinion was "vague, significantly overstated, and inconsistent with" other medical evidence. Tr. 25.

The ALJ identified gaps of factual support and explanation in Mr. Dahl's reports (Tr. 676–80), undermining the supportability of the opinion. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023) (upholding finding opinion unpersuasive when medical source provided "little or no explanation" for his findings); *Fritz v. Berryhill*, 2017 WL 5500462, at *14 (D. Or. Nov. 16,

---

[3] Plaintiff at one point suggests certain medical opinions in the record could not constitute substantial evidence to discount Dr. Jensen's opinion as inconsistent with the medical record (Pl.'s Br. 8), however, there is no longer a hierarchy of medical evidence under current regulations. *Robert S. v. Saul*, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021) ("[T]he Commissioner will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion."), *report and recommendation adopted*, 2021 WL 1206576 (D. Or. Mar. 29, 2021). The Court's analysis here is not based on any such relative weighting of medical opinions.

7 – OPINION AND ORDER

2017). As the ALJ explained, Mr. Dahl "left much of the medical source statement blank," "offered no opinion on the level of limitation" in the areas of Plaintiff's "ability to interact with others and to understand, remember, and carry out instructions," and indicated he was "uncertain if [Plaintiff] can manage his funds independently." Tr. 25. Even if, as Plaintiff argues, the ALJ improperly relied on Plaintiff's treatment to discount Mr. Dahl's opinion (Pl.'s Br. 12), lack of supportability is a sufficient reason to find a medical opinion unpersuasive.[4] *See Woods*, 32 F.4th at 793 n.4. Though Plaintiff finds support in the record for Mr. Dahl's conclusion, because the ALJ provided specific and legitimate reasons to find Mr. Dahl's opinion unpersuasive, the Court will not disturb the ALJ's rational reading of the record. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Stephanie G. v. O'Malley*, 2024 WL 2874213, at *5 (D. Or. June 7, 2024).

## II.  Subjective Symptom Testimony

Plaintiff next argues the ALJ failed to give clear and convincing reasons for discounting his subjective symptom testimony. Pl.'s Br. 13–19. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014. First, the ALJ determines, "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "[T]he ALJ can reject the claimant's testimony about the severity of [their] symptoms *only* by offering specific, clear and

---

[4] Contrary to Plaintiff's assertion (Pl.'s Br. 13), vagueness does not contradict the ALJ's characterization of Mr. Dahl's conclusion as an overstatement when the vagueness manifests as a lack of support for that conclusion.

8 – OPINION AND ORDER

convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added). Specific, clear and convincing reasons are those that "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 22. The ALJ reasoned, "[t]hough the claimant does have some ongoing limitations due to [his] depression and anxiety secondary to a bipolar disorder, they do not cause more restrictions than those found in the residual functional capacity." *Id*. The ALJ went on to discount Plaintiff's subjective symptom testimony based on improvement with treatment (Tr. 23), and the objective medical evidence (Tr. 24).

## A. Improvement with Treatment

An ALJ may reject a claimant's subjective symptom testimony if that testimony is contradicted by evidence in the medical record showing the claimant's symptoms have improved with treatment. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Nevertheless, when evaluating improvement from treatment, "[i]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. In the mental health context, improvement "must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Richard R. v. Comm'r, Soc. Sec. Admin.*, 2020 WL 4193114, at *4 (D. Or. July 21, 2020) (quoting *Garrison*, 759 F.3d at 1017); *see Holohan*, 246 F.3d at 1205.

Here, the ALJ's reasoning for discounting Plaintiff's subjective symptom testimony and for finding Dr. Jensen's medical opinion unpersuasive based on improvement with treatment are

9 – OPINION AND ORDER

one and the same. *See* Tr. 24–25. Having rejected this basis for evaluating Dr. Jensen's opinion as unpersuasive, and considering Dr. Jensen's persuasive findings, the ALJ likewise erred in discounting Plaintiff's testimony on this basis.[5]

### B. Objective Medical Evidence

The ALJ may consider the objective medical evidence in making a credibility determination of Plaintiff's subjective symptom testimony. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). However, "we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). A summary of medical and other evidence "is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Id.* at 494. The ALJ may discredit subjective testimony "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). In particular, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence," as opposed to contradicted by it. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ's decision in this case exemplifies a summary of medical evidence that does not constitute substantial evidence to discount Plaintiff's subjective testimony. Discussing Plaintiff's testimony, the ALJ asserts the medical record "fails to support the allegation of a period of significant limitation that exceeds the [RFC]," but what follows is merely an assessment of the persuasiveness of the medical opinions. Tr. 24–26. This is "not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we

---

[5] *E.g.*, *Pedro L. v. Comm'r, Soc. Sec. Admin.*, 2024 WL 4589906, at *8 (D. Or. Oct. 25, 2024) (finding error in ALJ's evaluation of medical opinion and of claimant's testimony based on improvement from treatment for same reasons).

may ensure that the claimant's testimony was not arbitrarily discredited." *Brown-Hunter*, 806 F.3d at 494. Moreover, the ALJ deploys the incorrect standard to discount Plaintiff's testimony based on a generalized lack of support, rather than inconsistency. *See Smartt*, 53 F.4th at 498; *Reddick*, 157 F.3d at 722 ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

C. **Activities of Daily Living**

The Commissioner argues the ALJ properly discounted Plaintiff's subjective symptom testimony based on Plaintiff's activities of daily living. Def.'s Br. 11, ECF No. 15. Though the ALJ listed Plaintiff's activities and broadly stated "the claimant's own statements do not support the alleged severity of his limitations" (Tr. 22), the ALJ never explicitly found Plaintiff's testimony was undercut by these activities. *See* Tr. 22–26. Upon review, the Court is limited to the reasoning and factual findings offered by the ALJ. *Brown-Hunter*, 806 F.3d at 492. Accordingly, the Commissioner's argument presenting Plaintiff's activities of daily living as a post-hoc explanation that attempts to "intuit what the adjudicator may have been thinking" is an invalid basis for discounting Plaintiff's testimony here. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

Even if the Court considers the Commissioner's argument, it does not put forth substantial evidence to support an independent basis for discounting Plaintiff's testimony. To "conclude that a claimant's daily activities warrant an adverse credibility determination," the ALJ must make specific findings that (1) the activities contradict the plaintiff's testimony or (2) that the activities "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Commissioner emphasizes Plaintiff attested to "sufficient focus to read, watch YouTube videos, and do crossword puzzles. Also, despite his allegations of severe social issues, he

11 – OPINION AND ORDER

acknowledged regularly talking with friends on the phone." Def.'s Br. 11 (internal citations omitted). Plaintiff's ability to read for pleasure, watch videos in a casual setting, and enjoy crossword puzzles does not rise to the level of contradicting testimony of disabling symptoms—Plaintiff need not stare blankly at a wall or cut off communication from friends to be disabled under the Act. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (quoting *Smith v. Califano,* 637 F.2d 968, 971 (3d Cir. 1981)) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity."). Because neither the Commissioner nor the ALJ articulated specific reasons Plaintiff's activities contradict his testimony or support his ability to work, Plaintiff's activities of daily living are not a clear and convincing reason supported by substantial evidence to discount Plaintiff's subjective symptom testimony.

### III.   Lay Testimony

In general, statements from nonmedical sources are "competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996)). The ALJ cannot dismiss competent lay testimony without comment (*id.*), including "'descriptions and observations of [the claimant's] limitations from [the claimant's] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by' the claimant, family, friends, and other people." *Laborin v. Berryhill,* 867 F.3d 1151, 1153 (9th Cir. 2017) (alterations in original) (quoting 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)). Thus, "[i]f the ALJ wishes to discount the testimony of the lay

witnesses, he must give reasons that are germane to each witness" and supported by substantial evidence in the record. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993). The ALJ need not address lay testimony on an "individualized, witness-by-witness basis." *Molina*, 674 F.3d at 1114.

      The ALJ erred in rejecting the lay witness testimony in this case. The ALJ considered multiple statements from nonmedical sources on Plaintiff's behalf. *See generally* Tr. 443–59. The ALJ first noted, "these statements are generally consistent with the claimant's allegations," but concluded they were of "limited value" "[i]n light of the longitudinal record and due to their overall lack of specific functional restrictions." Tr. 26. As the parties recognize (Pl.'s Br. 20; Def.'s Br. 12), the ALJ did not credit the lay testimony for the same reasons as he discounted Plaintiff's subjective symptom testimony. Tr. 26. These bases have already been rejected, as explained above. In addition, though the ALJ's finding the lay witnesses did not provide "specific functional restrictions" is a germane reason to discount their testimony, the ALJ offered no support for this statement. *Kathleen F. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 873256, at *9 (D. Or. Mar. 24, 2022) (citing *Meanel v. Apfel*, 172 F.3d 1111, 1113–14 (9th Cir. 1999) (as amended)). In *Kathleen F.*, the ALJ pointed to the specific phrases used by the lay witnesses, such as "for any length of time" and "for a spell," to conclude their testimony "lack[ed] sufficient specificity to provide clear insight into [the claimant's] limitation[s]." *Id.* Here, the ALJ provided neither a comparable analysis nor even a description of the lay witness statements beyond noting their similarity to Plaintiff's testimony. Tr. 26. Without any such support, the Court cannot conclude the ALJ did not act arbitrarily, and the ALJ's bare conclusion necessarily falls short of providing substantial evidence to discredit the lay witness testimony. *Dodrill,* 12 F.3d at 918–19; *Bray*, 554 F.3d at 1225.

**IV.**    <u>**Harmless Error**</u>

      The ALJ committed reversible error. An error is harmless only if it is "inconsequential to

the ultimate nondisability determination," *Molina,* 674 F.3d at 1115 (citation and internal quotation marks omitted), or if despite the legal error, "the agency's path may reasonably be discerned," *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation and internal quotation marks omitted). The ALJ's errors regarding the evaluation of Dr. Jensen's medical opinion, Plaintiff's subjective symptom testimony, and lay witness testimony are reflected in the RFC. *See* Tr. 21–22, 26. As a result, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Furthermore, due to the ALJ's error, the agency's path cannot be reasonably discerned in significant part; though the Commissioner asserts the objective medical evidence and Plaintiff's activities of daily living support discounting Plaintiff's testimony (Def.'s Br. 11–12), the Court is not in a position to "infer" the ALJ's reasoning when "the ALJ never identified *which* testimony [he] found not credible, and never explained *which* evidence contradicted that testimony." *Brown-Hunter*, 806 F.3d at 494 (emphasis in original) (citing *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014)).

V.     **Remedy**

Because the ALJ erred, the Court must determine whether to remand for further administrative proceedings or for award of benefits. Courts have discretion to remand a case either for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292 (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill*, 698 F.3d at 1162 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, an award of benefits can be directed

"where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292. Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.

This is a rare instance where remand for an award of benefits is appropriate. Here, Plaintiff satisfies all three requirements. The record is fully developed and there are no ambiguities requiring further administrative proceedings to resolve. As explained above, the ALJ erred in discounting Dr. Jensen's medical opinion, Plaintiff's subjective symptom testimony, and the competent lay witness testimony. Plaintiff's Function Report and Hearing testimony indicated he could pay attention for only five minutes (Tr. 381), he struggled "dealing with people and people not having patience" (Tr. 46, 57), and he often believed that people were being critical of him (Tr. 57). Dr. Jensen noted Plaintiff had "[c]hronic mood issues . . . , breaking through the medication, with anger and depression being prominent" (Tr. 544), could not focus (Tr. 552), and would "get very upset easily" due to "severe depressive episodes that happen with the most minimal of performance situations at work" (Tr. 520, 553). Finally, lay witnesses testified Plaintiff would perceive feedback as criticism or judgment (Tr. 449), he did not know when to ask for help or clarification (Tr. 451), he was easily distracted (Tr. 444), and any frustration would erupt into anger in ways that were often unpredictable (Tr. 449–50, 453).

Credited as true, these sources, combined with the vocational expert's ("VE") testimony, establish Plaintiff is disabled under the Act. In particular, the VE testified that an individual who

"respond[ed] to appropriate supervisor and instruction by becoming angry or reacting in an irritable way" multiple times could not sustain employment. Tr. 67. The VE also explained an individual who could be "absent four or more days per month" would "far exceed the allowable limit for a person to be absent" and maintain employment, and an individual who would be "off task 15% or more of the workday" would also "exceed the allowable limit for a person to be off task" and maintain employment. Tr. 66. Considering the record, the Court sees no purpose for further proceedings in this case.

## CONCLUSION

The Commissioner's decision is REVERSED and this matter is REMANDED for calculation and award of benefits. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED this 5th day of March 2026.

s/ Michael J. McShane
Michael J. McShane
United States District Judge